**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DONALD RAY BROOKS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-4801 |
| | § | |
| HARRIS COUNY JAIL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION GRANTING MOTION
FOR SUMMARY JUDGMENT**

Donald Ray Brooks was a pretrial detainee at the Harris County Jail on November 14, 2018. Representing himself, he sued the Harris County Jail, three detention officers working at the jail on that date, the Harris County Sheriff, and three night shift supervisors under 42 U.S.C. § 1983, alleging excessive force by the three detention officers. (Docket Entry Nos. 1, 8). The court has previously dismissed Brooks's claims against the Sheriff and the night shift supervisors. (Docket Entry No. 9). The three detention officers have moved for summary judgment, asserting qualified immunity. (Docket Entry No. 26). The court grants the motion for the reasons that follow.

**I.    Background**

This suit arises from an altercation during a group inmate count. The officers filed summary judgment evidence showing that a non-party officer conducting the count ordered Brooks to remove a sheet covering him and a cloth tied on his head. (Docket Entry No. 26-4, at 5). Brooks refused and swore at the officer. (*Id.*). Officer Smith overheard the exchange, ordered Brooks to step out of the pod and into a hallway, and then to put his hands behind his back. (*Id.*).

Brooks refused, and then also refused an order to face the wall, instead turning toward Smith, raising his fist and attempting to hit Smith. (*Id.*). Another officer—Officer Walter—came to Smith's aid and pushed Brooks away. (*Id.*). As Brooks continued to resist, Smith grabbed his shoulder to try to control his arm. (*Id.*). Brooks, Smith, and Walter fell to the floor, but Brooks continued to throw punches. (*Id.*). According to the officers, they continued to order Brooks to stop resisting, and he continued to resist. (*Id.*). Smith and Walter administered what they describe as "several controlled strikes in self-defense." (Docket Entry Nos. 26-1, at 3; 26-2, at 3). Walter got control over Brooks's wrists, and yet another officer, Officer Roquemore, put him in handcuffs. (*Id.*). Brooks was taken to the jail clinic, where he refused treatment. (Docket Entry No. 26-4, at 5).

Brooks filed a grievance, which was denied on a finding that the use of force was reasonable and that Brooks had ignored orders and exaggerated his injuries. (*Id.* at 8-9). This lawsuit followed. Smith, Walter, and Roquemore moved for summary judgment on the basis of qualified immunity. (Docket Entry No. 26). Brooks did not respond.

## I.    The Legal Standards

### A.    Summary Judgment

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The substantive law determines what facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact issue is "material" if its resolution could affect the outcome of the action. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). A dispute is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id.*

A court considering a motion for summary judgment must view "all evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in the non-movant's favor." *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 479 (5th Cir. 2021). "However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). The non-movant must "make a sufficient showing of an essential element of the case to which [he] has the burden of proof." *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997). But "'the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to preclude summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (quoting *Anderson*, 477 U.S. at 252) (alteration in original).

In addition, Rule 56 does not impose a duty on the court "to 'sift through the record in search of evidence to support' the non-movant's opposition to summary judgment." *Carr v. Air Line Pilots Ass'n Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Instead, the non-movant must identify specific evidence in the record and explain how that evidence supports the non-movant's claim. *Id.* Conclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

### B.     Qualified Immunity

Qualified immunity protects government officials from civil liability in their individual capacities to the extent that their conduct does not violate clearly established statutory or constitutional rights. *See Pearson v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v.*

*Fitzgerald,* 457 U.S. 800, 818 (1982)); *see also Garcia v. Blevins,* 957 F.3d 596, 600 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1058 (2021). "[A] good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it [back] to the plaintiff to show that the defense is not available." *Garcia*, 957 F.3d at 600 (quoting *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 287 (5th Cir. 2020)); *see also McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc).

A plaintiff seeking to overcome qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *see also Roque v. Harvel*, 993 F.3d 325, 331 (5th Cir. 2021). The first prong requires the plaintiff to allege and prove facts that establish a violation of a constitutional right. *Pearson*, 555 U.S. at 232. The second prong is satisfied only if "the state of the law at the time of the incident provided fair warning to the defendants that their alleged [conduct] was unconstitutional." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (internal quotation marks omitted). Courts are free to decide which of the two prongs of the qualified immunity analysis to address first. *Ashcroft,* 563 U.S. at 735.

### C.    *Pro Se* Pleadings

Brooks is representing himself, so the court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this lenient standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013) (internal quotation marks omitted)). "*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey

discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

## II.    Discussion

### A.    Claims Against the Officers

The officers argue that the record evidence shows that the force they used was "proportional and controlled," (Docket Entry No. 26, p. 9), limited to what was needed to control Brooks after he disobeyed orders, tried to punch an officer, and continued physical resistance when ordered to stop and submit. The officers argue that because they used only the amount of force needed to defend themselves, restore order, and maintain security, their actions were objectively reasonable and they are entitled to qualified immunity. (*Id.*).

It was clearly established at the time of the altercation that a prisoner has the right to be free from having excessive force used against him. *See Poole*, 691 F.3d at 627 (relying on *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The remaining question is whether Brooks has pointed to competent summary judgment evidence sufficient to raise a genuine dispute as to whether his constitutional rights were violated. To raise a factual dispute on a claim of excessive force, a plaintiff must point to evidence showing: (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of the force was clearly unreasonable. *Poole*, 691 F.3d at 628. The inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The use of force must be evaluated "from the perspective of a reasonable officer. . . , rather than with the 20/20 vision of hindsight." *Poole*, 691 F.3d at 628 (quoting *Graham*, 490 U.S. at 396).

In evaluating the use of force in a prison, the "core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); s*ee also Bourne v. Gunnels*, 921 F.3d 484, 491 (5th Cir. 2019). Courts examine: (1) the extent of the injury suffered; (2) the need for applying force against the prisoner; (3) the relationship between the need for force and the amount applied; (4) the threat that could be reasonably perceived by the prison officials; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7. The use of force must be considered in context. The court's determination is based on the nature of the force more than on the extent of the injury. *See Bourne*, 921 F.3d at 492 (citing *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (per curiam)).

Brooks has not raised a factual dispute material to determining that the officers' use of force against him was limited and objectively reasonable.[1] The officers' declarations detail Brooks's refusals to follow orders, his initiation of force by trying to punch Smith, and his continued physical resistance. (Docket Entry Nos. 26-1, 26-2, 26-3). Brooks has not pointed to record evidence that raises a factual dispute material to determining whether the force used was objectively reasonable under all the circumstances. The officers are entitled to judgment as a matter of law.

B.     **Claim Against Harris County Jail**

In his original complaint, Brooks also named the Harris County Jail as a defendant. (Docket Entry No. 1, at 1). The Harris County Jail, as a "non *sui juris* division of Harris County," lacks the capacity to be sued. *See Potts v. Crosby Indep. Sch. Dist.*, 210 F. App'x 342, 344-45 (5th

---

[1]Brooks did not file a response to the officers' motion for summary judgment. Under this court's order of January 5, 2021, and Southern District of Texas Local Rule 7.4, Brooks's failure to file a response is "taken as a representation of no opposition."

Cir. 2006); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (holding that a city or county department may be sued only if it has a "separate legal existence"); *Carter v. Harris Cnty. Jail*, No. H-20-1998, 2020 WL 3288124, at *1 (S.D. Tex. June 18, 2020) (holding that the Harris County Jail lacked the capacity to be sued under Federal Rule of Civil Procedure 17(b)).  To the extent that Brooks attempts to assert claims directly against the Harris County Jail, those claims are dismissed.

## III.    Conclusion

The officers' motion for summary judgment based on qualified immunity is granted, and the claims against them are dismissed.  The claims against Harris County Jail are dismissed as it lacks the capacity to be sued.

SIGNED on July 16, 2021, at Houston, Texas.

_____

Lee H. Rosenthal
Chief United States District Judge